John W. Howard (SBN 80200)
Michelle D. Volk (SBN 217151)
Peter C. Shelling (SBN 351159)
**JW HOWARD│ATTORNEYS, LTD.**
600 West Broadway, Ste. 1400
San Diego, California 92101
Telephone: (619) 234-2842
Email: johnh@jwhowardattorneys.com
    michelle@jwhowardattorneys.com
    pshelling@jwhowardattorneys.com

William R. Baber (SBN149614)
7918 El Cajon Blvd. #N162
La Mesa, CA 91942
Telephone: (619)316-0592
Email: wrblaw@flash.net

Attorneys for Plaintiff, Steve Hilton

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

| | |
|---|---|
| STEVE HILTON,<br><br>　　　Plaintiff,<br><br>v.<br><br>SHIRLEY WEBER, in her official capacity as California Secretary of State,<br>GOV. GAVIN NEWSOM in his official capacity,<br><br>　　　Defendants<br><br>And the LEGISLATURE OF CALIFORNIA,<br><br>　　　Real Parties in Interest | Case No.:<br><br>**COMPLAINT FOR CIVIL RIGHTS VIOLATION (42 U.S.C. § 1983), DECLARATORY AND INJUNCTIVE RELIEF**<br><br><br>**[ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF]** |

Plaintiff Stephen Hilton, for claim of relief, alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Steve Hilton is a resident and a registered voter in San Mateo County, California. Mr. Hilton is also a candidate for Governor of California in 2026.

2. Defendant Shirley N. Weber is California's Secretary of State and the state's Chief Elections Officer. Cal. Elec. Code § 10(a). As such, she is responsible for placing initiatives on the statewide ballots and certifying the final electoral results. Ms. Weber is sued in her official capacity only.

3. Defendant Gavin Newsom ("Newsom") is California's governor. At his suggestion, the Legislature adopted ACA8 to put a ballot measure, now known as "Proposition 50", before the voters. He signed the ACA8 legislation. The supreme executive power of this State is vested in the governor. The governor has the obligation to ensure that the law is faithfully executed. Cal. Constitution Article V § 1. Mr. Newsom has created a ballot measure committee to promote the Yes on 50 campaign. Newsom will be responsible for the implementation of Proposition 50. Newsom is sued in his official capacity only.

4. Real Party in Interest is the Legislature of the State of California which passed ACA 8 pursuant to Cal Constitution Article XVIII Sec.1.

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 2201 and 42 U.S.C. § 1983 and § 1988 and

also because the matters in controversy arise under the Constitution and laws of the United States.

6. Venue is proper in this district because a substantial part of the events and omissions giving rise to the claims herein occurred in this district. 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. Defendant Governor Gavin Newson proposed, and the California State Legislature approved, several legislative acts. The California State Assembly approved legislation, enumerated "Assembly Bill No. 604", setting new district boundaries for Congressional seats in the State of California. This, despite the fact that the California Constitution, first, currently gives exclusive authority to do so to the California Citizens Redistricting Committee, and, second, specifically requires redistricting to occur only in the year following the United States Census, thus prohibiting the State from conducting a redistricting in any other year. 2025 is five (5) years after the National Census and over four (4) years after the last redistricting was conducted by the Citizens Commission. Since 2025, the population has significantly changed; something the State has neither tracked, nor accounted for in attempting to draw new Congressional district boundaries.

8. The Legislature also passed, by two-thirds votes in each house, ACA8, which purports to be an amendment to the California Constitution, supplanting the exclusive constitutional authority of the Citizens Commission to set district boundaries, and

implementing the provisions of Assembly Bill No. 604 ("AB 604"), setting the new districts in accordance with the provisions thereof. Significantly, ACA8 does not specifically repeal that section of Article XXI that limits redistricting to occur only in the year following the national census.

9. In incorporating AB 604, ACA8 purports to set district boundaries in a year other than the year following the national census without conducting an update of census counts and population changes, thus creating districts that do not comply with the "one-man – one-vote" regimen required under the United States Constitution. The redistricting map of AB 604 also takes no account of the breakup of communities of color and ethnicity, thus diluting the voting power of those affinity groups.

10. ACA8 also violates fundamental fairness and, by its terms, is an exercise in partisan Gerrymandering.

## COUNT I

### Violation of Equal Protection Rights (42 U.S.C. § 1983)

### Based on Unequal Congressional Districts

(Against All Defendants)

11. Plaintiff resides in a congressional district in California that will be re-mapped as part of this ACA8 redistricting. Because the legislature did not use, or did not have, current census data, it has not ensured that districts are largely equal in population. guaranteeing that Plaintiff's congressional district will not be equal to that of other Congressional districts in the state. A clear example of this is that, in shaping

the districts, the legislature took no account of the fact that huge communities have experienced massive reductions in population as, for example, Pacific Palisades, Malibu and Altadena, in the Los Angeles area, as a result of devastating fires that displaced tens of thousands of residents, and ACA8 will therefore contract the value of some votes and expand the power of other voters.

12. The districts drawn under ACA8 constitute an arbitrary and capricious state action offensive to the Fourteenth Amendment's equal protection requirement that undergirds the "one-person one vote" rule. The Equal Protection Clause requires substantially equal legislative representation for all citizens in a State regardless of where they reside. See *Baker v. Carr* 369 U.S. 186 at 207; *Wesberry v. Sanders* 376 U.S. 1,18 (1963); *Reynolds v. Sims* 37 U.S. 533, 561-568 (1964). These cases do not stand in isolation and their central holdings were enthusiastically endorsed by the California Supreme Court in the case of *Calderon v. City of Los Angeles*, (1971) 4 Cal.3d 251, in which that court held that: "…we emphasize that we do so here not only from constitutional compulsion but also as a matter of conviction. Adherence to a population standard, rather than one based on registered voters, is more likely to guarantee that those who cannot or do not cast a ballot may still have some voice in government."

13. In the next fourteen months, Plaintiff will campaign for California governor throughout the state and his statewide campaign will touch every Congressional district.

14. The hyper-partisan gerrymandering project undertaken by the governor and legislature, as alleged herein, is an example of government officials acting "under color of state law" to deprive Plaintiff of rights, privileges, or immunities secured by the U.S. Constitution. In accordance with the Supreme Court's ruling in *Rucho v. Common Cause*, 588 U.S. 684 (2019), courts are empowered to resolve claims of inequality in Congressional districts. (*Id*., at 226) (""The claim of population inequality among districts *in Baker v. Carr*, for example, could be decided under basic equal protection principles. 369 U. S., at 226")

15. Plaintiff therefore seeks a writ of prohibition and injunction forbidding the placing of ACA8 on the ballot for California's special election called specifically to formalize the neutering of the Citizens Commission, diluting votes in particular districts and abridging the equal protection rights of Plaintiff and all California residents.  Plaintiff also seeks an injunction forbidding the State to implement redistricting in accordance with AB 604, lacking, as it does, any foundational current population count.

## COUNT 2

**Violation of Equal Protection Rights (42 U.S.C. § 1983)**

**Based on the Governor and Legislature ignoring *Legislature v. Deukmejian***

(Against All Defendants)

16. The State of California has a long history – more than a century – of *not* seeking to redistrict in the middle of a decade. This policy was articulated and

confirmed by the California Supreme Court in *Legislature v. Deukmejian* 34 Cal.3d 658 (1983).

17. The *Deukmejian* Court reviewed the California Constitution (Article XXI, § 1) which provides that congressional redistricting shall occur solely "in the year following the year in which the national census is taken under the direction of Congress at the beginning of each decade".

18. The Court rejected an attempt – which was novel in California's history at the time – to readjust the congressional district boundaries mid-decade through the initiative process. (*Deukmejian*, at 663). The Court held that Article XXI limits redistricting to once a decade and cannot be changed by legislative action or through the initiative process. (*Id*. at 674). The Court cited precedent back to 1907 that prohibited mid-decade redistricting.  (*Id*. at 369).

19. The Court also cited a 1951 California Attorney General Opinion which said "after a districting statute has become effective, the lawmaking power of the state may not make a second revision." (18 *Ops. Cal. Atty General*. 11,16 – 1951).

20. The *Deukmejian* Court did acknowledge that mid-decade redistricting was permissible if the first redistricting plan was invalidated by judicial decision or nullified by referendum. It did not include "partisan gerrymandering' as an acceptable reason to re-district in mid-decade.

21. The decision of the Governor and legislature to ignore the California Supreme Court's decision in *Deukmejian* is an example of government officials acting "under

color of state law" to deprive Plaintiff of rights, privileges, or immunities secured by the U.S. Constitution.

22. Plaintiff therefore seeks a writ of prohibition forbidding the placing of ACA8 on the ballot for California's special election called specifically to formalize the neutering of the Citizens Commission, diluting votes in particular districts and abridging the equal protection rights of Plaintiff and all California residents, and an injunction, enjoining and restraining the state from implementing the redistricting map included in AB 604, and incorporated into ACA8 and Proposition 50.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for entry of judgment granting:

(a.) A declaratory judgment that ACA8 and Proposition 50 violate the Fourteenth Amendment and that Defendant, acting under color of State law, has deprived Plaintiff of federal rights secured by the Constitution of the United States and by Acts of Congress;

(b.) A writ of prohibition, forbidding the placement of Proposition 50 on the ballot for the special election called for that purpose in November of this year;

(c.) A permanent injunction prohibiting Defendant and all persons acting under her direction, from using the congressional district maps proposed by ACA 8 to conduct California congressional elections;

(d.) A permanent injunction prohibiting Defendants, and all persons acting under their direction, from placing Proposition 50 on the November 2025 California

statewide ballot.

(e.) Any temporary, preliminary, or permanent relief requested during the pendency of this suit to which Plaintiff is entitled, and that the Court deems just and proper; and

(f.) Plaintiff's reasonable costs and expenses, including attorney's fees.

Dated: September 4, 2025            **JW HOWARD │ ATTORNEYS, LTD.**

                                    By:   /s/ *John W. Howard*
                                          John W. Howard
                                          William R. Baber
                                          Michelle D. Volk
                                          Peter C. Shelling
                                          Attorneys for Plaintiff